IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02368-WYD-MJW

JEFFREY A. URBANIC, an individual,

Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY, a Delaware corporation,

Defendant.

**TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND COMPEL ARBITRATION**

The Travelers Indemnity Company ("Travelers"), by and through its undersigned attorneys, submits the following Reply In Support Of Its Motion To Dismiss And Compel Arbitration:

## I. INTRODUCTION

Although Urbanic repeatedly certified to Travelers—as a condition of his continuing employment—that he had read, understood, and agreed to the Arbitration Agreement, he now claims—in the hope of avoiding arbitration—that his certification to Travelers was repeatedly false. Indeed, he now claims that, in fact, he never read the Arbitration Agreement, and argues that he should therefore not be bound by its terms. But the "I never read my contract" defense has been roundly rejected by hundreds of years of case law in the United States. Simply put, a party who agrees to be bound by an agreement is charged with knowledge of its contents regardless of whether he later claims not to have read it.

The critical admission that Urbanic makes, as he must, is that he received a copy of the Code, read it, and specifically clicked on the button indicating his agreement and consent to be bound by, among other things, the Arbitration Agreement, as a condition of his continuing employment. Moreover, the undisputed evidence establishes that he certified he had read and agreed to be bound by the Arbitration Agreement on at least **five** different occasions. While Urbanic makes numerous red herring arguments concerning the Arbitration Agreement being in writing, vague and ambiguous language regarding "alternative dispute resolution", and waiver of the right to a jury trial, at the end of the day he cannot deny that he agreed to be bound. He therefore *is* bound, and that disposes of this case.

## II. DISCUSSION

Urbanic makes several arguments by which he seeks to evade enforcement of the Arbitration Agreement to which he agreed. First, he contends that he never read or executed the Arbitration Agreement, and that no agreement therefore exists. Second he asserts that the Arbitration Agreement is not enforceable. Finally, he contends that enforcement of the Arbitration Agreement would violate his rights to a jury trial and exemplary damages. Neither the facts nor the law support any of these arguments, and this Court should therefore compel arbitration.

### A. URBANIC AGREED TO ARBITRATE ANY DISPUTES

The undisputed facts in this case demonstrate that Urbanic agreed to arbitrate any disputes with Travelers. As an initial matter, while Urbanic focuses on the Code he fails to address the undisputed fact that he was advised on **six** separate occasions of the existence of the binding Arbitration Agreement:

- It is undisputed that Urbanic received an email on April 1, 2005 advising him of changes to the Arbitration Policy, advising him that he was subject to a binding Arbitration Policy, and providing him a link to the Arbitration Policy.

- It is undisputed that on December 31, 2007, Urbanic received a second email containing a link to the Arbitration Policy, and that he clicked an embedded link in that email indicating that he had read, understood, and agreed to the policy.

- It is undisputed that on at least four separate occasions, as a condition of his continued employment, Urbanic certified that "**I have read and understand the Code of Business Conduct and Ethics and the policies incorporated within and agree that I will comply with them.**" Travelers' Employment Arbitration Policy was identified in the Code.

The evidence establishes that he both received the emails concerning the Arbitration Agreement, and clicked on links in those emails certifying his agreement to the policy. Exhibit A at ¶¶ 4-8 and exhibits 1 and 2 thereto. With respect to the Code, Urbanic concedes in his motion, he "certif[ied] that he had read and understands the Code and the policies referred to therein." Response Motion at p. 10. The Code states, among other things:

> **Employee Policies and Dispute Resolution**
>
> To meet its commitment to fair and equitable employment practices, Travelers has issued the Employee Policy Guide, the Internal Dispute Resolution Policy and the Employment Arbitration Policy to provide you with expectations and standards for employee behavior and a means for dispute resolution. Adherence to these policies and procedures is a condition of employment. These policies are available for your review on Inside and, as an employee, you are expected to read them, understand them, and comply with them.

Exhibit C1 at p. 12 (emphasis in original). Notwithstanding that admission, and the numerous occasions on which he certified he read and agreed to the Arbitration Agreement, Urbanic now claims he is not bound by the Arbitration Agreement because he never read it and no written "executed" version of it exists. Urbanic's arguments lack merit.

Urbanic has repeatedly certified that he read, understood, and agreed to be bound by the Arbitration Agreement. Exhibit A at ¶¶4-8 and exhibits 1 and 2 thereto; Exhibit C at ¶ 12 and exhibit 3 thereto. In fact it was a requirement of his ongoing employment that he read and certified the foregoing. *Id.* That he now claims to have never read the Arbitration Agreement is belied by the evidence. *Id.* Moreover, if he misrepresented the fact that he had read and agreed to the Arbitration Agreement so that he could maintain his employment at Travelers it provides no shield from its enforcement.

However, even if one assumes Urbanic's statements that he never read the Arbitration Agreement are true, he still cannot escape enforcement of the Arbitration Policy. It is a basic tenet of contract law that one who agrees to be bound by a contract is charged with knowledge of its contents. *B&B Livery, Inc. v. Riehl*, 960 P.2d 134, 138 n.5 (Colo. 1995). Put differently, one cannot escape enforcement of a contract by claiming he did not read it. *Id.* If Urbanic elected not to review the policies to which he was agreeing, that was his choice. It is not, however, a basis for escaping his obligations. Urbanic's intentional ignorance of the existence of the Arbitration Agreement is simply irrelevant, and his own misrepresentations to Travelers provides no safe harbor from its enforcement.

Likewise, the fact that Urbanic indicated his assent to the Arbitration Agreement electronically, as opposed to signing a physical piece of paper, is of no moment. Electronic execution of enforceable contracts is commonplace; indeed, every time a consumer purchases a product online his electronic assent to the contract is recorded. To argue otherwise in today's society is specious. *See e.g. Hugger-Mugger LLC v. Netsuite, Inc.*, 2005 WL 2206128 (D. Utah 2005); *Mortgage Plus, Inc. v. DocMagic, Inc.*, 2004 WL 2331918 (D. Kan. 2004); *Recursion

-4-

*Software, Inc. v. Interactive Intelligence, Inc.*, 425 F.Supp.2d 756, 781 (N.D. Tex. 2006); *Caspi v. Microsoft Network, LLC*, 732 A.2d 528, 532 (N.J. Super. Ct. App. Div. 1999).

**B.   THE ARBITRATION POLICY IS ENFORCEABLE**

In addition to challenging the existence of the Arbitration Agreement, Urbanic also claims it is unenforceable. Specifically, Urbanic asserts that the Arbitration Agreement is illusory because he did not know about it and because Travelers is not bound by it. Neither of these arguments is meritorious.

As an initial matter, Urbanic claims that because he did not know about the Arbitration Agreement, Travelers could have chosen whether or not to enforce it (because he did not know he had the right to arbitration), and that therefore it is illusory. Motion at p. 12. However, whether or not Urbanic knew he had the right to demand arbitration has no bearing on whether the agreement is illusory. An agreement is illusory if, by its terms, one person has no obligation to perform. That one party to the agreement is intentionally ignorant about his rights under an agreement does not render it illusory. Indeed, if Urbanic's argument were accepted by this Court, the result would be that any contracting party could unilaterally render an enforceable contract "illusory" by simply refusing to read it.

Likewise, the Arbitration Agreement is plainly binding on both parties. Indeed, while Urbanic cites page 2 of the Arbitration Agreement for the proposition that Travelers has no obligation to start an arbitration, he neglects to tell the Court that there is a footnote to that very sentence that eviscerates his position. Specifically, the footnote states "nothing in this provision shall be construed to negate the mutuality of the agreement to arbitrate, and the Company explicitly agrees to arbitrate, pursuant to this Policy, any disputed disciplinary action after it has

been taken." Exhibit A at Exhibit 3 thereto, p. 8 n.1.   Accordingly, the Arbitration Agreement is not illusory and Urbanic's assertions to the contrary lack merit.

## C. URBANIC'S WAIVER OF CERTAIN RIGHTS DOES NOT INVALIDATE THE ARBITRATION AGREEMENT

Urbanic claims the Arbitration Agreement is not enforceable because he did not knowingly waive his rights to a jury trial or exemplary damages.[1]  Urbanic's argument is again based on his decision not to read the Arbitration Agreement.  As with the formation of the contract, his claim that he did not read the Arbitration Agreement provides no foundation for a challenge.

Urbanic contends that, because he did not read the Arbitration Agreement before agreeing to it, he could not have knowingly waived his right to a jury trial or exemplary damages.  Urbanic's argument fails because, as discussed in detail above, a party is charged with knowledge of the contents of any agreement to which he assents.  Clearly a party may waive its right to a jury trial by agreeing to arbitrate disputes.  *See e.g. R.J. Griffen & Co. v. Beach Club II Homeowners Ass'n, Inc.*, 384 F.3d 157, 164 (4th Cir. 2004); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 368 (7th Cir. 1999).  Likewise, by statute any claim for punitive damages is specifically waived when a party, such as Urbanic, elects to arbitrate.  C.R.S. § 13-31-102(5).  It would be a truly tortured reading of the statute to find that, any time a party claims to have been wronged by willful conduct and claims entitlement to punitive damages, his agreement to arbitrate is void.  Not surprisingly, Urbanic cites no case to support

---

[1]  Urbanic also asserts a waiver of some right under the FMLA if forced to arbitrate.  However, he identifies no right under the FMLA which would be waived or impaired by proceeding with arbitration.

his position. As it is clear that Urbanic assented to the Arbitration Agreement, his waiver of his right to a jury trial and punitive damages is established.

### III.  CONCLUSION

Instead of providing some basis for avoiding arbitration, Urbanic's response only confirms what the undisputed evidence establishes:  he repeatedly agreed to be bound by the Arbitration Agreement. That he claims to have never read it before agreeing to be bound is of no moment. Accordingly, the Court should dismiss this case and compel arbitration.

Respectfully submitted this 20th day of December, 2010.

>s/ *Steven J. Merker*
>Steven J. Merker
>Scott P. Sinor
>DORSEY & WHITNEY LLP
>370 17th Street, Suite 4700
>Denver, CO 80202-5647
>Telephone:(303) 629-3400
>E-mail:merker.steve@dorsey.com
>E-mail:sinor.scott@dorsey.com
>**Attorneys for Defendant**
>**Travelers Indemnity Company**

-8-

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 20, 2010, I caused the foregoing document, titled **TRAVELERS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND COMPEL ARBITRATION**, to be electronically filed with the Clerk of the Court using the CM/ECF system.  Notification of such filing will be sent to the following e-mail address:

Bryan.Kuhn@beklegal.com
Bryan E. Kuhn
1660 Lincoln Street, Suite 2330
Denver, CO 80264
*Attorneys for Plaintiff*

                        s/ *Steven J. Merker*
                        Steven J. Merker
                        DORSEY & WHITNEY LLP
                        Attorneys for Defendant
                        370 17th Street, Suite 4700
                        Denver, CO 80202-5647
                        Telephone:(303) 629-3400
                        E-mail:merker.steve@dorsey.com